IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

EDWARD T. RAY,

                            Civil No. 09-6206-SU

        Petitioner,

    v.

DON MILLS,

                         FINDINGS AND RECOMMENDATION

        Respondent.

        Amy Baggio, Assistant Federal Public Defender
        101 S.W. Main Street, Suite 1700
        Portland, Oregon 97204

                Attorney for Petitioner

        John R. Kroger, Attorney General
        Andrew Hallman, Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

                Attorneys for Respondent

      1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state court convictions for Unlawful Sexual Penetration and Sexual Abuse. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#9) should be denied.

**BACKGROUND**

Between 1995 and 1997, petitioner lived with his girlfriend and her nine-year-old daughter, RF. During that time, he repeatedly abused RF, but the victim did not report the abuse at that time.

In 2001, KM, a six-year-old female, disclosed that petitioner had abused her over a weekend while he was staying at her parents' home. On March 13, 2001, the case regarding KM was taken to the grand jury, but the grand jury chose not to indict petitioner. Respondent's Exhibit 103, p. 57.

In December of 2001, RF told her mother that petitioner had sexually abused her while he had lived with them between 1995 and 1997. Following an investigation which revealed that petitioner made inculpatory statements regarding RF, both cases were taken to the grand jury together. As a result, on January 22, 2002, the grand jury indicted petitioner on ten counts of Sexual Abuse in the First Degree as to RF, and six counts of Unlawful Sexual

Penetration in the First Degree as to KM.  Respondent's Exhibit 102.

Petitioner moved to sever the KM charges from those stemming from the allegations of RF, but the trial court denied this motion as follows:

> Well, with regard to this particular matter, I'm of the view that the – it's obvious that we have one individual defendant here. The crimes involved are identical, or certainly substantially similar to one another. Under the statute it's contemplated in the State of Oregon that cases like that will be tried together. [*State v. Miller*, 327Or. 622 (1998)] and [*State v. Barone*, 329 Or. 210 (1999)] laid to rest the idea whether or not somehow it's precluded by the argument that [defense counsel] is making.
>
> But further particulars of this case is [sic] that all these events occurred in the same house, and I honestly believe that this argument of – that the initially rejected events described in the not true bill were later boot-strapped into a true bill through joint submission to the grand jury is something that is likely to raise its head at trial and would just simply be confusing and misunderstood if we pretend that these events did not occur as described and allegedly involve – involve this fellow. So I think it's going to be difficult to tell the story even without relating all of the allegations against this fellow, but I think under the law he's entitled to be – the State's entitled to try him at one time and I – the concerns that you have will be resolved to the best of my ability through instructions to the jury.

Respondent's Exhibit 103, pp. 53-54.

The case proceeded to trial where the jury proceeded to convict petitioner on all 16 counts.  As a result, the trial court

3 – FINDINGS AND RECOMMENDATION

sentenced petitioner to a total of 275 months in prison. Respondent's Exhibit 103, pp. 873-75.

Petitioner took a direct appeal which assigned error to the trial court's denial of his motion to sever. The Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Ray*, 197 Or. App. 202, *rev. denied*, 339 Or. 406 (2005).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. Respondent's Exhibit 138. The Oregon Court of Appeals affirmed the lower court without a written opinion, and the Oregon Supreme Court denied review. *Ray v. Hall*, 224 Or. App. 686 (2008), *rev. denied*, 346 Or. 361 (2009).

Petitioner filed his Amended Petition for Writ of Habeas Corpus in this 28 U.S.C. § 2254 action on May 27, 2010. Although the Amended Petition raises seven grounds for relief, petitioner withdraws all claims with the exception of Ground Two where he alleges that the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights when it refused to grant his motion to sever the charges and try him individually as to each victim. Respondent asks the court to deny relief on this claim because the state court decision denying relief was neither contrary to, nor an unreasonable application of, clearly established federal law.

///

4 - FINDINGS AND RECOMMENDATION

## DISCUSSION

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

5 - FINDINGS AND RECOMMENDATION

*Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

According to petitioner, since 1986 it has been clearly established federal law that "misjoinder would rise to the level of a constitutional violation . . . if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *United States v. Lane*, 474 U.S., 446 n.8 (1986).  But this footnote in *Lane* which lacks any citation to legal authority represents dictum, not a holding of the Supreme Court.  *Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010); *Young v. Pliler*, 273 Fed. Appx. 670, 672 n.2 (9th Cir. 2008).  Because there is no clearly established federal law governing petitioner's claim, relief on the Amended Petition should be denied.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#9) should be denied and a judgment should be entered dismissing this case with prejudice.  The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due within 14 days.  If no

6 - FINDINGS AND RECOMMENDATION

objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this __31st__ day of October, 2011.

_/s/Patricia Sullivan_____
         Patricia Sullivan
         United States Magistrate Judge